52 F.3d 330
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Elden JOHNSON, Appellant,
v.
UNITED STATES DEPARTMENT OF AGRICULTURE, Appellee.
 No. 94-3218.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Apr. 7, 1995.
Filed: Apr. 19, 1995.
 
 Before FAGG, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Elden Johnson appeals the district court's[1] dismissal of his action against the United States Department of Agriculture (USDA), arising out of two Conservation Reserve Program (CRP) contracts. We affirm.
 
 
 2
 In 1988, Johnson entered into two CRP contracts with the Commodity Credit Corporation (CCC), under which he took parcels of land he owned out of agricultural production, and put them into the CRP soil erosion prevention program. A June 27, 1991 inspection revealed sixty-eight acres of blooming Canada thistles on Johnson's CRP land. The Lincoln County Agricultural Stabilization and Conservation Service (ASCS) Committee ordered him to destroy these noxious weeds, and assessed a penalty against him of a six dollars per acre reduction in his CRP payments for 1991. Johnson appealed the penalty to the highest administrative level. The Deputy ASCS Administrator, State and County Operations, denied his appeal, finding that Johnson had violated state weed laws and had failed to plant an adequate groundcover on his CRP land, and thus was in violation of his CRP contract, and that the reduction in payment was justified.
 
 
 3
 Johnson then filed this action for damages against the USDA, alleging the 1991 payment reduction was "unlawful," and also claiming he was injured because the USDA refused to make CRP payments on five acres of land, reduced his 1992 payments for having weeds on his CRP land, forced him to cut weeds before cutting would be most effective for killing them, and imposed a penalty in 1988 for cutting too much hay on CRP land.
 
 
 4
 The district court granted the USDA's motion to dismiss, determining it had jurisdiction to review Johnson's claims, if at all, only under the Administrative Procedure Act (APA). The court concluded the Secretary of Agriculture's (Secretary) power to terminate or adjust payments on CRP contracts was discretionary, that no standards or objective criteria existed against which to judge the Secretary's actions, and thus, that the Secretary's decision was unreviewable. Johnson's appeal followed.
 
 
 5
 "Where the material facts are not in dispute, ... we review the district court's determination that it lacks jurisdiction de novo." Drevlow v. Lutheran Church, Mo. Synod, 991 F.2d 468, 470 (8th Cir. 1993) (footnote omitted). Based on the nature of Johnson's allegations, the district court properly treated his complaint as seeking an APA review of the USDA's decisions.
 
 
 6
 As Johnson admitted, he has not exhausted his administrative remedies as to the 1988 and 1992 penalties and the disputed five acres of land, and these claims are not judicially reviewable. See 5 U.S.C. Sec. 704 (judicial review of final agency actions); 7 C.F.R. Pt. 780 (1994) (ASCS appeals process); 7 C.F.R. Sec. 704.27(a) (1994) (participant in CRP program may obtain review in accordance with appeals procedure specified in 7 C.F.R. Pt. 780); Madsen v. Department of Agric., 866 F.2d 1035, 1037 (8th Cir. 1989) (failure to exhaust administrative remedies precluded judicial review).
 
 
 7
 As to the 1991 payment reduction claim, for which Johnson has exhausted his administrative remedies, the district court properly found that the assessment of penalties for violation of CRP contracts is a discretionary agency function, and thus unreviewable. See 5 U.S.C. Sec. 701(a)(2) (no review when "agency action committed to agency discretion by law"). An action is committed to agency discretion when " 'the statute is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion.' " Webster v. Doe, 486 U.S. 592, 599-600 (1988) (quoting Heckler v. Chaney, 470 U.S. 821, 830 (1985)). Under 16 U.S.C. Sec. 3832(a)(5)(B), the Secretary is authorized to adjust contract payments "as the Secretary considers appropriate, if the Secretary determines that such violation does not warrant termination of the contract." The relevant regulation also allows the CCC to adjust CRP payments "as are determined to be appropriate by CCC." 7 C.F.R. Sec. 704.22(c) (1994). The language in both the statute and regulation fails to provide a standard against which to measure the USDA's actions in adjusting payments under CRP contracts, and thus commits these decisions to agency discretion. Cf. State of N.D. ex rel. Bd. of Univ. & Sch. Lands v. Yeutter, 914 F.2d 1031, 1035 & n.3 (8th Cir. 1990) (citing Sec. 3832(a)(5)(B) as example of discretion Secretary possesses in administering CRP program), cert. denied, 500 U.S. 952 (1991).
 
 
 8
 Accordingly, the judgment is affirmed.
 
 
 
 [1]
 The Honorable Michael James Davis, United States District Judge for the District of Minnesota